UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-24861-CIV-SCOLA/MCALILEY

ZONYA A. FLEMINGS,

      Plaintiff,

vs.

U.S. SECURITY ASSOCIATES,
*et al.*, INC.,

      Defendant.

_____/

## REPORT AND RECOMMENDATION ON
## FEDERAL DEFENDANTS' MOTION TO DISMISS

Pending before the Court is a Motion to Dismiss Plaintiff's Fourth Amended Complaint filed by Defendants Linda Byars ("Byars") and Donn Dernick ("Dernick"), which the Honorable Robert N. Scola Jr. referred to me for resolution.[1] (ECF Nos. 40, 94). The Motion is fully briefed. (ECF Nos. 107, 110). I have carefully reviewed the parties' legal memoranda and the applicable law, and for the reasons set forth below I recommend that the Court grant the Motion to Dismiss.

## I.    BACKGROUND

The Fourth Amended Complaint ("FAC") contains more than 500 numbered paragraphs, and is nearly 90 pages in length. (ECF No. 71). It contains many redundant and

---

[1] Defendant Consuela Nadar joined in the Federal Defendants' Motion to Dismiss but, upon agreement of Plaintiff, was subsequently dismissed from this action. (ECF No. 111).

some internally inconsistent allegations. I set forth here only those allegations that are relevant to the Byars' and Dernick's (the "EEOC Defendants") Motion to Dismiss. The Court assumes, as it must, that Plaintiff's allegations are true. *Quality Foods de Centro America S.A. v. Latin American Agribusiness Dev. Corp. S.A.,* 711 F.2d 989, 994-95 (11th Cir. 1983) (when considering whether to grant a motion to dismiss, the court must assume the facts alleged are true and cast them in the light most favorable to the non-moving party).

Plaintiff filed several Charges of Discrimination (the "Charges") with the Equal Employment Opportunity Commission ("EEOC") against Defendants U.S. Security Associates, Inc. ("U.S. Security"), Miami-Dade County, Florida Department of Transportation and Public Water/Safety and Security Department (the "County") and Pablo S. Castillo (together, the "Employer Defendants"), alleging that they engaged in employment discrimination and retaliation against Plaintiff. (*Id.* at ¶¶ 39, 46, 70). In her FAC, Plaintiff alleges (as is relevant to the motion now before the Court) that Byars, an EEOC Intake Supervisor, and Dernick, an EEOC investigator, "entered into an agreement" with the Employer Defendants "to prevent Plaintiff authorization [sic] to file a Federal Discrimination Lawsuit against" the Employer Defendants. (*Id.* at ¶¶ 438, 444, 474).

Plaintiff also alleges that Byars "had Plaintiff's EEOC complaint[s]" against the Employer Defendants "destroyed," (*id.* at ¶¶ 439, 445, 505, 507), and that Byars and Dernick engaged in the following misconduct in connection with the Charges: (i) "knowingly and willfully fail[ing] to process" the Charges, (ii) "knowingly and intentionally remov[ing]," or "orchestrat[ing] the removal," of relevant documents "from Plaintiff's Investigative Package," (iii) closing, or orchestrating the closing, of the Charges

2

without an investigation, (iv) "us[ing] their official position [and] influence to instruct the Florida Commission on Human Relations to render a 'No Reasonable Cause'…" determination on one of the Charges, and (v) "knowingly and willfully allow[ing] Defendant US [Security] to be represented by a Legal Counsel that was not licensed to practice law in Florida." (*Id*. at ¶¶ 481, 483-84, 488, 492, 520, 525-31, 534-35).

Plaintiff brings a civil conspiracy claim against Byars under 18 U.S.C. § 241, and a "Bivens" claim against both Byars and Dernick for violation of Plaintiff's rights under the Fourteenth Amendment to the U.S. Constitution and Title VII of the Civil Rights Act of 1964. (*Id*. at Counts XIII-XIV and XVI-XVII, pp. 66-71, 74-85). The EEOC Defendants move to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that the FAC fails to state a cause of action. (ECF No. 94). The EEOC Defendants also argue that they are entitled to qualified immunity.(*Id.*).

Plaintiff filed a Response, in which she makes various factual assertions and "denies" the arguments the EEOC Defendant raise, but which fails to provide any legal authority to support her position. (ECF No. 107). As I explain below, I conclude that Plaintiff cannot state a claim against the EEOC Defendants for allegedly mishandling the Charges and I therefore do not reach the issue of qualified immunity.

II.    ANALYSIS

A.    <u>Legal Standard</u>

To survive a motion to dismiss, the plaintiff must plead facts that make out a claim that is plausible on its face and raises the right to relief beyond a speculative level. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). When considering a motion to dismiss, the court must draw "all reasonable inferences" in favor of the plaintiff. *St. George v. Pinellas Cty*, 285 F.3d 1334, 1337 (11th Cir. 2002). However, "naked assertions devoid of further factual enhancement" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678 (quotation marks omitted).

Plaintiff is not represented by counsel, and the Court has reviewed Plaintiff's claims knowing that "*pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and, will, therefore be liberally construed." *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (citation omitted). Plaintiff's *pro se* status, however, does not relieve her of the obligation to satisfy the basic pleading requirements of applicable law and the Federal Rules of Civil Procedure. *See DZB ANK AG Deutsche Zentral-Genossenschaftsbank, Frankfurt AM Main, New York Branch v. Lisa Francisque Insurance Agency, LLC*, No. 10-cv-20731, 2010 WL 11597969 at \*2 (S.D. Fla. July 28, 2010); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989); *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds as recognized in Randall v. Scott*, 610 F.3d 701, 706 (11th Cir. 2010) (the leniency courts show to *pro se* litigants "does not give a court license to serve as de facto counsel for a party … or to rewrite an otherwise deficient pleading in order to sustain an action.").

### B.      Plaintiff Fails to State a Claim Against the EEOC Defendants

1. *Bivens* Claim

In *Ziglar v. Abbasi*, the Supreme Court recognized that unlike 42 U.S.C. § 1983, which "entitles an injured person to money damages if a state official violates his or her constitutional rights[,]…Congress did not create an analogous statute for federal officials." 137 S. Ct. 1843, 1854 (2017). The Supreme Court has nonetheless allowed, in very limited circumstances, a federal official to be sued in his or her individual capacity for constitutional violations.[2] The Court first did so in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The *Bivens* Court "held that, even absent statutory authorization, it would enforce a damages remedy to compensate persons injured by federal officers who violated the [Fourth Amendment's] prohibition against unreasonable search and seizures." *Id.* at 1854.

Since *Bivens*, the Supreme Court "recognized what has come to be called an implied cause of action in two cases involving other constitutional violations." *Id.* Specifically, in *Davis v. Passman*, 442 U.S. 228 (1979), the Court recognized an implied cause of action against a federal official for gender discrimination, in violation of the Fifth Amendment Due Process Clause. *Ziglar*, 137 S. Ct. at 1854-55. And in *Carlson v. Green*, 446 U.S. 14

---

[2] It appears that Plaintiff is suing the EEOC Defendants in their individual capacity, as she alleges that they acted outside the scope of their employment. (ECF No. 71 at ¶¶ 485, 520, 531). To the extent that Plaintiff sues the EEOC Defendants in their official capacity, her claims must be dismissed based upon sovereign immunity. *See Louis v. Seaboard Marine Ltd., Inc.*, No. 10-22719-CIV, 2012 WL 13071837 at *8-11 (S.D. Fla. Jan. 27, 2012) (government has not waived sovereign immunity for claims that EEOC employees, in their official capacity, violated plaintiff's constitutional rights or rights under Title VII by failing to properly investigate claim of discrimination) (*report and recommendation adopted by* 2012 WL 13071863 (Feb. 24, 2012)).

(1980), the Supreme Court recognized an implied cause of action for violation of the Eight Amendment Cruel and Unusual Punishments Clause for failure to provide adequate medical treatment. *Ziglar*, 137 S. Ct. at 1855. "These three cases – *Bivens, Davis,* and *Carlson* – represent the only instances in which the Court has approved of an implied damages remedy under the Constitution itself." *Id.*

The Supreme Court "has made clear that expanding the *Bivens* remedy is now a 'disfavored' judicial activity" and has "urged caution before extending *Bivens* remedies into any new context." *Id*. at 1857 (citations omitted). A context is new "[i]f the case is different in a meaningful way from previous *Bivens* cases decided by th[e] [Supreme Court]." *Id.* at 1859. A new context is easily found, even where differences are "small, at least in practical terms." *Id*. at 1865. The court must ask whether the claim "bear[s]…resemblance to the three *Bivens* claims the Court has approved in the past: a claim against FBI agents for handcuffing a man in his own home without a warrant; a claim against a Congressman for firing his female secretary; and a claim against prison officials for failure to treat an inmate's asthma." *Id*. at 1860.

If a case presents a new *Bivens* context, the court must then analyze whether there are "special factors counselling hesitation in the absence of affirmative action by Congress." *Id*. at 1857. One such special factor is the existence of alternative remedies. "[I]f there is an alternative remedial structure present in a certain case, that alone may limit the power of the Judiciary to infer a new *Bivens* cause of action." *Id*. at 1858.

Here, Plaintiff alleges that the EEOC Defendants violated her rights under the Fourteenth Amendment. (ECF No. 71 at ¶¶ 482, 503). On its face, the Fourteenth

Amendment cannot support Plaintiff's claim because the EEOC Defendants are not state actors. "The Fourteenth Amendment's Due Process Clause restricts the activities of the states and their instrumentalities; whereas the Fifth Amendment's Due Process Clause circumscribes only the actions of the federal government." *Scott v. Clay County, Tenn.*, 205 F.3d 867, 873 n. 8 (6th Cir. 2000) (citations omitted); *see also Phillips v. Smith*, 429 Fed. App'x 905, 907 (11th Cir. 2011) ("The Fourteenth Amendment's Due Process Clause and Fifth Amendment's Due Process Clause prohibit the same activity, with the Fifth Amendment simply applying to federal officials, rather than state officals.") (citation omitted). In light of Plaintiff's *pro se* status, the Court construes her claim as invoking the Fifth Amendment.

A claim that the EEOC Defendants violated Plaintiff's Fifth Amendment rights by failing to properly process and investigate the Charges would be a new *Bivens* context. This is because such a claim would bear no resemblance to the three *Bivens* claims the Supreme Court has recognized. To the contrary, it is more analogous to an example the *Abassi* Court gave of cases where the Court "declined to create an implied damages remedy[,]" namely, *Schweiker v. Chilicky*, which involved "a procedural due process suit against Social Security officials." *Abassi*, 137 S. Ct. at 1857 (citing *Schweiker v. Chilicky*, 487 U.S. 412 (1988) (no *Bivens* claim for improper denial of Social Security disability benefits based upon alleged due process violations by government officials who administered the Social Security program)).

Given that Plaintiff presents a *Bivens* claim that is new, the Court must consider if special factors counsel against recognizing that claim. Special factors are present here, in

particular, the availability of an alternative remedy. "As the other circuits have noted, the legislative history of the 1972 amendments to Title VII reveals that Congress intended the private right of action provided for in section 706(f)(1) of the Act (42 U.S.C. § 2000e-5(f)(1))) – under which an aggrieved employee may bring a Title VII action directly against his or her employer – to serve as the remedy for any improper handling of a discrimination charged by the EEOC." *Smith v. Casellas*, 119 F.3d 33, 34 (D.C. Cir. 1997) (citations omitted); *see also Hopkins v. E.E.O.C.*, No. 6:13-cv-1171-Orl-36KRS, 2013 WL 12388564 at *2 (M.D. Fla. Oct. 11, 2013) (dismissing purported *Bivens* claim as frivolous because plaintiff "has a remedy for her claims against the EEOC employees that she has sued in this action for allegedly mishandling her employment discrimination charges, and that is the authority to sue her employer directly pursuant to 42 U.S.C. § 2000e-5(f)(1)) for the alleged employment discrimination."); *Louis v. Seaboard Marine Ltd, Inc.*, No. 10-22719-CIV, 2012 WL 13071837 at *15 (S.D. Fla. Jan. 27, 2012) (dismissing *Bivens* claim with prejudice because "the Plaintiff's remedy for the EEOC employees' purported failure to properly investigate his claim is to file a discrimination suit against the private employer in federal court and not to sue the employees of the EEOC.") (*report and recommendation adopted by*, 2012 WL 13071863 (S.D. Fla. Feb. 27, 2012). It is clear that Plaintiff cannot assert a *Bivens* claim against the EEOC Defendants because there are alternative methods of obtaining redress.

### 2. Title VII Claim

Plaintiff asks the Court to hold the EEOC Defendants responsible, under Title VII, for the Employer Defendants' alleged discrimination and retaliation against Plaintiff. (ECF

8

No. 71 at ¶¶ 495(g), 522, 538(h),(i)). Plaintiff offers no legal authority that such a claim exists, and this Court knows of none, so this claim fails.

And, to the extent Plaintiff seeks to hold the EEOC Defendants liable under Title VII for their alleged mishandling of the Charges, that claim also fails. "[C]ourts that have examined the language of Title VII, the underlying purpose and structure of the statutory scheme, and the legislative history of that statute in order to ascertain Congress' intent in crafting Title VII, have uniformly determined that there is no implied remedy against the EEOC under Title VII for persons who were never employed by that agency." *Louis*, 2012 WL 13071837 at *13 (citation omitted). "Simply put, there is no basis for suing the EEOC or its employees under Title VII for failing to properly investigate [plaintiff's] claims of discrimination against [his employer]." *Id.*

### 3. Civil Conspiracy

Plaintiff alleges that Byars had the Charges destroyed in furtherance of a conspiracy with the Employer Defendants "to prevent Plaintiff authorization [sic] to file a Federal Discrimination Lawsuit against them," in violation of 18 U.S.C. § 241 (ECF No. 71 at ¶ 438-39, 444-45). This claim has several significant problems.

First, Section 241 is a criminal statute that does not create a private civil right of action. *See* 18 U.S.C. § 241 ("If two or more persons conspire to injure, oppress, threaten or intimidate any person in any State…in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having exercised same…[t]hey shall be fined under this title or imprisoned not more than ten years, or both…."); *Burrell v. Infirmary West*, No. 09-00325-KD-B, 2010 WL 749332

at *4 (S.D. Ala. March 1, 2010) (dismissing claims for violation of 18 U.S.C. §§ 241 and 242 because "these statutes [do not] give rise to civil liability.").

A different statute, 42 U.S.C. § 1985, does create a civil conspiracy cause of action. Again, because Plaintiff does not have counsel, the Court gives her the benefit of the doubt and construes her civil conspiracy claim as arising under section 1985. A conspiracy to interfere with civil rights is actionable under 42 U.S.C. § 1985(3) where two or more persons conspire "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws…whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States…." 42 U.S.C. § 1985(3).

To state a § 1985(3) claim, a plaintiff must plead four elements: (1) a conspiracy; (2) to depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; (4) that injures a person or property or deprives a person of any right or privilege of a citizen of the United States. *Trawinski v. United Techs.,* 313 F.3d 1295, 1299 (11th Cir. 2002).

Plaintiff does not satisfy the first element, as she does not allege any facts to support her conspiracy claim. Another court dismissed a similar § 1985 claim because, as here, the plaintiff's "conclusory allegation that Defendant and EEOC worked together to violate her rights under the Fourteenth Amendment does not sufficiently describe the nature of the alleged conspiracy. Such conclusory, vague allegations are simply not sufficient to state a conspiracy claim under § 1985 claim." *Burrell*, 2010 WL 749332 at * 5 (citations omitted);

*see also Jackson v. American Red Cross*, No. 3:10CV-770-S, 2011 WL 1527888 at *3 (W.D. Ky., April 20, 2011) (dismissing complaint for failure to state a claim and as frivolous because "[c]onclusory allegations that administrative agencies conspired with private employers to thwart a discrimination complaint…fail to set out a cognizable cause of action.").

Even if Plaintiff could cure this pleading deficiency, she still could not state a claim because she is unable to satisfy the fourth element of a § 1985 claim, that the alleged conspiracy deprived her of any right or privilege of a citizen of the United States. "Title VII and the regulations thereunder do not confer on charging parties any 'benefit' of substance, or grant any entitlement to an investigation or conciliation attempt." *Hall v. E.E.O.*C., 456 F.Supp. 695, 702 (N.D. Cal. 1978). Nor does the Constitution. As another division of this court recognized, "[e]ven if the EEOC had failed to conduct a complete or thorough investigation, that failure does not violate the Plaintiff's rights under the U.S. Constitution." *Louis*, 2012 WL 13071837 at *15; *see also Francis-Sobel v. University of Maine*, 597 F.2d 15, 18 (1st Cir. 1979) ("[E]ven arbitrary and capricious denial of the investigative and conciliatory benefits the EEOC can provide to a charging party" does not violate the Due Process Clause); *Bass v. E.I. De Nemours & Co.*, 28 Fed. App'x 201, 206 (4th Cir. 2002) ("due process considerations do not attach to the EEOC investigative process.") (citation omitted).

Courts routinely recognize that the "EEOC does not make determinations affecting the legal rights of individuals because those individuals retain the right to a *de novo* review of their charges of discrimination in a court of law." *Forbes v. Reno*, 893 F.Supp. 476, 483

(W.D. Penn. 1995) (citations omitted); *Jackson*, 2011 WL 1527888 at *3 ("There is no private cause of action for the improper investigation or processing of a discrimination charge…[because] [w]hen the EEOC fails to act, delays, or errs in its processing of a complaint, the complainant's remedy, as provided by statute, is to bring a *de novo* lawsuit against his employer in the district court.") (citations omitted). For these reasons, Plaintiff's civil conspiracy claims against the EEOC Defendants fail as a matter of law because she cannot allege that the purported conspiracy deprived her of any "right or privilege of a citizen of the United States."

    4.  Claims Against the EEOC Defendants Should Be Dismissed With Prejudice

As noted herein, the Court is mindful that Plaintiff is proceeding without counsel and, although the operative pleading is the Fourth Amended Complaint, this is the first time the Court has ruled on the legal sufficiency of her claims against the EEOC Defendants. Dismissal with leave to amend is normally appropriate, unless amendment would be futile, *see Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262-63 (11th Cir. 2004), which is the case here. As I explained above, there is no cognizable cause of action against the EEOC or its employees for allegedly mishandling a charge of discrimination. Plaintiff's recourse is to file an employment discrimination lawsuit against her employer, which she has done.[3]

---

[3] The Employer Defendants have also moved to dismiss the FAC. I will address that motion in a separate Report and Recommendation.

## III.    RECOMMENDATION

For the reasons set forth above, I **RESPECTFULLY RECOMMEND** that the Court **GRANT** Defendants' Linda Byars' and Donn Dernick's Motion to Dismiss, and dismiss Counts XIII-XIV and Counts XVI-XVII with prejudice.

**No later than fourteen (14) days from the date of this Report and Recommendation** the parties may file any written objections to this Report and Recommendation with the Honorable Robert N. Scola, Jr., who is obligated to make a *de novo* review of only those factual findings and legal conclusions that are the subject of objections. Only those objected-to factual findings and legal conclusions may be reviewed on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985), *Henley v.* Johnson, 885 F.2d 790, 794 (11th Cir. 1989), 28 U.S.C. § 636(b)(1), 11th Cir. R. 3-1 (2016).

RESPECTFULLY SUBMITTED in chambers at Miami, Florida, this 31st day of January, 2020.

_____
CHRIS McALILEY
UNITED STATES MAGISTRATE JUDGE


cc:  The Honorable Robert N. Scola, Jr.
     Counsel of record