United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Zonya Flemings, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 18-24861-Civ-Scola |
| | ) |
| U.S. Security Associates, Inc. and | ) |
| others, Defendants. | ) |

**Order Adopting Magistrate Judge's Report and Recommendation**

  This case was referred to United States Magistrate Judge Chris M. McAliley for a ruling on all pre-trial, nondispositive matters and for a report and recommendation on any dispositive matters. On March 4, 2020, Judge McAliley issued a report, recommending that the Court grant the motion to dismiss (ECF No. 75) the Plaintiff's fourth amended complaint filed by Defendants U.S. Security Associates, Inc., Miami-Dade County, Florida Department of Transportation and Public Water/Safety and Security Department, and Pablo Castillo. (R. & R., ECF No. 124.) For the reasons discussed below, the Court reviewed the report and recommendation for clear error and **adopts** the report and recommendation (**ECF No. 124**) and **grants** the motion to dismiss (**ECF No. 75**).

  "In order to challenge the findings and recommendations of the magistrate judge, a party must file written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones,* 863 F.2d 815, 822 (11th Cir. 1989) (alterations omitted); *see also U.S. v. Schultz,* 565 F.3d 1353, 1360 (11th Cir. 2009) ("[A] party that wishes to preserve its objection must . . . pinpoint the specific findings that the party disagrees with."). The objections must also present "supporting legal authority." Local Mag. J. R. 4(b). To the extent a party fails to object to parts of the magistrate judge's report, those portions are reviewed for clear error. *Macort*, 208 F. App'x at 784 (quoting *Johnson v. Zema Sys. Corp.,* 170 F.3d 734, 739 (7th Cir.1999)).

  No valid objection was timely filed. Judge McAliley ordered the parties to file any written objections to the report and recommendation by no later than March 11, 2020. On March 12, 2020, the Plaintiff filed an "Action on the Master's Report and Recommendations." (ECF No. 127.) However, to extent the "Action" is an objection, it fails to "pinpoint" the specific findings that the Plaintiff disagrees with. The only language in the Action that resembles an

objection is this: Plaintiff "respectfully Objects to the Honorable C. McAliley Report and Recommendations AND respectfully request[s] an opportunity to be heard in accordance with FRCP Rule 53(f)(1) . . . ." (*Id.* at 1 (internal citation omitted).) Merely stating an objection, with nothing more, is insufficient to trigger de novo review. Moreover, the Plaintiff's request for a hearing under Rule 53(f)(1) of the Federal Rules of Civil Procedure is misplaced. Rule 53 ("Masters") provides that "[a] magistrate judge," such as Judge McAliley, "is subject to this rule only when the order referring a matter to the magistrate judge states that the reference is made under this rule." Fed. R. Civ. P. 53(h). The order referring this matter to Judge McAliley was entered pursuant to 28 U.S.C. § 636, not Rule 53(h). (ECF No. 16.) Accordingly, the Plaintiff is not entitled to seek a hearing under the provisions of Rule 53(h). Nevertheless, the Court has chosen to undertake a de novo review of the report and recommendation and finds that the motion to dismiss should be granted.

Having considered Judge McAliley's report, the record, and the relevant legal authorities, the Court **affirms and adopts** Judge McAliley's report and recommendation (**ECF No. 124**) and **grants** the motion to dismiss (**ECF No. 75**). The Court dismisses Counts I-XII and XVIII without prejudice and Counts XIII and XIV with prejudice. The remaining claims were dismissed by prior order of this Court. (ECF No. 117.) Although the report and recommendation recommended dismissal of certain claims without prejudice, the Plaintiff, who has amended her complaint three times, has not sought leave to amend and file a fifth amended complaint. The Plaintiff has had multiple opportunities to state a claim and has failed to do so and it appears any further amendment would be futile. Further, the Plaintiff has not requested leave to amend. *Avena v. Imperial Salon & Spa, Inc.*, 17-14179, 2018 WL 3239707, at *3 (11th Cir. July 3, 2018) ("[W]e've rejected the idea that a party can await a ruling on a motion to dismiss before filing a motion for leave to amend."). The Court therefore dismisses the Plaintiff's claims **without leave to amend**.

The Clerk is directed to **close** this case. Any pending motions are **denied as moot**.

**Done and ordered**, at Miami, Florida, on March 26, 2020.

------

Robert N. Scola, Jr.
United States District Judge